IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ROBERT TROY ANDERSON,

    Petitioner,

v.                                                                                                                                                                                                               No. 1:16-cv-01117-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING RELIEF UNDER *JOHNSON V. UNITED STATES*
AND
DIRECTING RESPONDENT TO RESPOND TO REMAINING CLAIMS

        In May 2016, Petitioner, Robert Troy Anderson, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Petition"). (Docket Entry ("D.E.") 1.) The Petition sets forth three claims of attorney ineffective assistance, and one claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.* at PageID 4-5.) For the reasons that follow, the *Johnson* claim is DENIED, and Respondent, United States of America, is DIRECTED to respond to the remaining claims.

BACKGROUND

        In March 2015, a federal grand jury returned a four-count indictment against Petitioner, charging him with various controlled substance offenses in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. (Case Number ("No.") 1:15-cr-10018-JDB-2, D.E. 2 at PageID 6-9.) He subsequently entered a plea of guilty to Count 1, (*id.*, D.E. 163), and the remaining counts were dismissed, (*id.*, D.E. 290).

        Anderson was determined to be subject to an enhanced sentence as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), based

on three prior felony controlled substance convictions under Tennessee law.[1] (Presentence Report ¶¶ 25, 39, 42, 44.) The Court sentenced him to 151 months' imprisonment and three years of supervised release. (No. 15-cr-10018, D.E. 290.)

On May 23, 2016, the inmate filed his Petition, which, as noted, asserts four claims for relief, including a claim under *Johnson*. (D.E. 1 at PageID 4-5.)

DISCUSSION

A prisoner seeking to vacate his sentence under § 2255 "must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Petitioner challenges his sentence based on the Supreme Court's ruling in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. *See Johnson*, 135 S. Ct. at 2557. He argues that *Johnson* renders unconstitutional his designation as a career offender under § 4B1.1 of the Guidelines.

The argument fails. Under § 4B1.1, a defendant is a career offender if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Under the version of the Guidelines in effect at the time of Petitioner's sentencing, the definition of "crime of violence" contained a residual clause similar to the ACCA's residual clause. *See* U.S.S.G. § 4B1.2(a)(2).[2] There was, however, no

---

[1]All references in this order are to the Guidelines in effect on the date of Anderson's sentencing, December 4, 2015. *See* U.S. Sentencing Guidelines Manual (U.S. Sentencing Comm'n 2015).

[2]The Guidelines' residual clause was removed in 2016. *See* U.S. Sentencing Guidelines Manual sup. to app. C, amend. 798 (U.S. Sentencing Comm'n 2016).

residual clause in the definition of "controlled substance offense." *See* U.S.S.G. § 4B1.2(b). As noted, Anderson was found to meet the criteria of a career offender because he had at least two prior felony controlled substance convictions. Thus, the residual clause contained in the "crime of violence" definition was not implicated in his case.

In addition, even if the Guidelines' residual clause were relevant to Petitioner's career offender status, the Supreme Court in 2007 refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* "[T]he Guidelines," therefore, "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

The *Johnson* claim is DENIED.

Respondent is ORDERED to file a response to the remaining claims within twenty-eight (28) days from the date of this order. *See Rules Governing Section 2255 Proceedings for the United States District Courts* ("Habeas Rules"), Rule 5(a).

Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service. *See* Habeas Rule 5(d). Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

IT IS SO ORDERED this 23rd day of April 2018.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE